IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

PORTLAND WINE CO, LLC,

   *Plaintiff*,

v.

FE BRANDS LLC and FAIRWINDS ESTATE WINERY, LLC,

   *Defendants*.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Portland Wine Co, LLC, by and through the undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, demands a trial by jury of all claims and issues so triable, and for its Complaint against Defendants FE Brands LLC and Fairwinds Estate Winery, LLC, hereby asserts and alleges as follows:

**PARTIES**

1. Plaintiff Portland Wine Co, LLC (hereafter "PORTLAND") is a limited liability company organized under the laws of the State of Oregon and has its principal place of business at 3201 SE 50th Ave., Portland, Oregon, 97206. PORTLAND promotes and sells wines throughout the United States. In addition, PORTLAND promotes, owns, and operates a winery and tasting room in Portland, Oregon.

2. FE Brands LLC (hereafter "FE BRANDS") is a limited liability company organized under the laws of Nevada. *See* Nevada Secretary of State record for FE Brands LLC, attached as Exhibit 1.

3. On information and belief, FE BRANDS created and/or controls the Horns & Tail Wine Club, which holds itself out as the official wine club of the New Jersey Devils, the NHL hockey team.

4. Fairwinds Estate Winery, LLC (hereafter "FAIRWINDS WINERY") is a limited liability company organized under the laws of Nevada. *See* Nevada Secretary of State record for Fairwinds Estate Winery, LLC, attached as Exhibit 2.

5. On information and belief, FE BRANDS and FAIRWINDS WINERY (together, "Defendants") are affiliated through a common owner, Fairwinds Holdings LLC, a Nevada limited liability company. *See* Exhibits 1-3.

6. On information and belief, FAIRWINDS WINERY supplies wine to FE BRANDS to be sold by FE BRANDS through FE BRANDS's wine clubs, including the Horns & Tail Wine Club.

7. On information and belief, Brandon Chaney is a manager of Fairwinds Holdings LLC. *See* Exhibit 3.

**JURISDICTION AND VENUE**

8. On information and belief, based on information Defendants have provided to the United States Trademark Office, both Defendants have a principal place of business located at 382 NE 191st Street 59205, Miami, Florida 33179. (*See* Trademark Application details listings from the Trademark Electronic Search System, attached as Exhibits 4-5.)

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) & (c) because Defendants reside in this judicial district.

10. This Court has specific personal jurisdiction over the Defendants pursuant to Section 48.193(1)(a)(3), Florida Statutes, because, on information and belief, Defendants use their "MARTY" trademark in commerce and sell goods under the "MARTY" trademark from their location in Florida. *See* Exhibits 4-5.

11. This Court has general jurisdiction over Defendants pursuant to Section 48.193(2), Florida Statutes, because Defendants engage in substantial activity within Florida. Specifically, on information and belief, Defendants' principal place of business is located in Florida. *See* Exhibits 4-5.

12. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

## FACTUAL BACKGROUND

13. Since at least as early as May 2014, PORTLAND has used the mark "MARTY" and associated designs in connection with wine (hereafter the "Portland Marty Wine").

14. In or around 2019, PORTLAND opened a winery and wine tasting room at 3201 SE 50th Ave., Portland, Oregon 97206.

15. PORTLAND sells the Portland Marty Wine through its winery and tasting room.

16. PORTLAND owns and controls an online website that is accessible by members of the public at the URL https://www.portlandwinecompany.com/ (hereafter "Portland Website").

17. PORTLAND presently sells the Portland Marty Wine directly to consumers throughout the United States through its website. *See* printed version of the "201 8 Marty Red Wine Page" of the Portland Website, attached as Exhibit 6.

18. PORTLAND sells the Portland Marty Wine to distributors for sale at retail and through restaurants.

19. PORTLAND owns the mark contained within U.S. Federal Trademark Registration No. 4,695,697, a design mark incorporating the word "MARTY" for "wine" (hereafter "'697 registration") was filed on July 23, 2014, and the '697 Registration issued to PORTLAND on March 3, 2015. *See* Certificate of the '697 Registration attached as Exhibit 7.

20. PORTLAND owns the mark contained within pending U.S. Federal Trademark Serial No. 97/648,149, a design mark incorporating the word "MARTY" for "wine" (hereafter the "'149 Application"). The '149 Application was filed on October 26, 2022. *See* printed version of the Trademark Electronic Search System listing of the '149 Application attached as Exhibit 8.

21. Due to PORTLAND's substantially continuous and exclusive use throughout the United States from 2014 to present, PORTLAND has developed substantial common law rights with respect to the mark "MARTY" in connection with wines.

22. Due to PORTLAND's substantially continuous and exclusive use throughout the United States from 2014 to present, the mark MARTY has become distinctive of PORTLAND'S goods in commerce.

23. On information and belief, FE BRANDS created and/or controls an online website that is accessible by the members of the public to access and view at URL https://fairwindsbrands.com/ (hereafter "FE Brands Website").

24. A printed version of the FE Brands Website, as retrieved on January 25, 2023, is attached as Exhibit 9.

25. On information and belief, FE BRANDS offers services that include working with third-party organizations to create subscription-based wine clubs and lifestyle brands and supplying wine to said subscription-based wine clubs and lifestyle brands (hereafter "Service"). *See* Exhibit 9.

26. On information and belief, FE BRANDS created and/or controls an online website that is accessible by members of the public to view at URL https://hornstail.com/ (hereafter "Horns & Tail Website").

27. A printed version of the Horns & Tail Website, as retrieved on January 25, 2023, is attached as Exhibit 10.

28. The Horns & Tail Website promotes the "Horns & Tail Wine Club," which holds itself out as the official wine club of the New Jersey Devils, the NHL hockey team. *See* Exhibit 10.

29. A printed version of the "About Us" page of the Horns & Tail Website, as retrieved on January 25, 2023, is attached as Exhibit 11.

30. One of the wines sold through the Horns & Tail Wine Club is a 2018 red wine blend sold under the mark "MARTY" (hereafter, "Fairwinds Marty Wine"). *See* Exhibit 13. A red wine blend is a still red wine made from multiple grape varietals.

31. Brandon Chaney is listed as the "Proprietor & CEO" of Horns & Tail Napa Valley and Fairwinds Estate Winery. *See* Exhibit 11.

32. On information a nd belief, FAIRWINDS WINERY supplies the wines to the Horns & Tail Wine Club.

33. On information and belief, FAIRWINDS WINERY created and/or controls an online website that is accessible by the members of the public to access and view at URL https://fewinery.com/ (hereafter "FE Winery Website").

34. A printed version of the FE Winery Website, as retrieved on January 25, 2023, is attached as Exhibit 12.

35. A printed version of the "Shop" page of the Horns & Tail Website, as retrieved on January 25, 2023, is attached as Exhibit 13.

36. The Fairwinds Marty Wine and the Portland Marty Wine both prominently feature the trademark MARTY.

37. In addition to the common textual element "MARTY," both parties present their respective marks in red text.

38. The Fairwinds Marty Wine and the Portland Marty Wine are both red wine blends and both were offered in 2018 vintages.

39. The Fairwinds Marty Wine and the Portland Marty Wine are both sold online to wine consumers.

40. The Fairwinds Marty Wine and the Portland Marty Wine are both advertised online.

41. The Fairwinds Marty Wine and the Portland Marty Wine are both advertised through wine clubs.

42. The Fairwinds Marty Wine and the Portland Marty Wine are both sold through wine clubs.

43. On information and belief, it is likely that the consuming public will be or already has been confused based on the similarities between the Fairwinds Marty Wine and the Portland Marty Wine.

44. On information and belief, FE BRANDS owns and/or controls multiple social media accounts through which FE BRANDS uploads and displays media for members of the public to view.

45. On information and belief, FE BRANDS created and/or controls the Facebook account having the username "Horns & Tail Napa" (hereafter "Facebook Account").

46. Content uploaded to the Facebook Account can be viewed and accessed by members of the public at the URL https://www.facebook.com/hornsandtailnapa (hereafter "Facebook Page").

47. Printed versions of media uploaded to the Facebook Page, which show the Fairwinds Marty Wine, as retrieved on January 25, 2023, are attached as Exhibits 14-15.

48. On information and belief, FE BRANDS created and/or controls the Twitter account having the username "Hornsandtailnp" (hereafter "Twitter Account").

49. Content uploaded to the Twitter Account can be accessed and viewed by members of the public at the URL https://twitter.com/Hornsandtailnp (hereafter "Twitter Page").

50. A printed version of media uploaded to the Twitter Page, which shows the Fairwinds Marty Wine, as retrieved on January 25, 2023, is attached as Exhibit 16.

51. On information and belief, FE BRANDS created and/or controls the Instagram Account having the username "hornsandtailnapa" (hereafter "Instagram Account").

52. Content uploaded to the Instagram Account can be viewed by members of the public at the URL https://www.instagram.com/hornsandtailnapa/ (hereafter "Instagram Page").

53. Printed versions of media uploaded to the Instagram Page, which show the Fairwinds Marty Wine, as retrieved on January 25, 2023, is attached as Exhibits 17-18.

54. On information and belief, FE BRANDS created and/or controls the LinkedIn Account having the username "Horns and Tail" (hereafter "LinkedIn Account").

55. Content uploaded to the LinkedIn Account can be viewable by members of the public at the URL https://www.linkedin.com/company/horns-and-tail/ (hereafter "LinkedIn Page").

56. A printed version of media uploaded to the LinkedIn Page, which shows the Fairwinds Marty Wine, as retrieved on January 25, 2023, is attached as Exhibit 19.

57. On information and belief, FE BRANDS has promoted the Fairwinds Marty Wine through the multiple social media accounts. *See* Exhibits 14-19.

58. Around November 2022, PORTLAND became aware that FE BRANDS was preparing to provide and sell the Fairwinds Marty Wine through the Horns & Tail Wine Club.

59. On November 9, 2022, counsel for PORTLAND sent a letter via certified mail to FE BRANDS. In the November 9 correspondence, PORTLAND informed FE BRANDS of PORTLAND's trademark rights and requested written assurances that FE BRANDS would cease and desist any use of the mark MARTY or any confusingly similar marks used in connection with wine.

60. On November 9, 2022, PORTLAND sent a digital copy of the November 9 correspondence to Brandon Chaney.

61. On November 14, 2022, the certified return receipt was signed by a representative of FE BRANDS.

62. FE BRANDS did not respond to the November 9 correspondence.

63. On November 30, 2022, PORTLAND sent another digital copy of the November 9 correspondence to Brandon Chaney.

64. Defendants have never responded to any of PORTLAND's attempts to discuss or resolve this matter prior to litigation.

65. On information and belief, FE BRANDS began selling wine in connection with the mark MARTY on approximately November 13, 2022. *See* printed version of the Horns & Tail Website, as retrieved by the Wayback Machine on December 24, 2022, which indicates that credit cards will be processed for the first shipment of MARTY wine on November 13, 2022, attached as Exhibit 20.

## FIRST COUNT
### Federal Trademark Infringement

66. PORTLAND repeats and re-alleges the allegations in paragraphs 1-65, as if fully set forth herein.

67. Defendants has infringed the mark contained within the '697 Registration in interstate commerce by various acts, including promoting, selling, and providing wine under the mark MARTY.

68. Defendants' use of the mark MARTY in connection with wine is without permission or authority from PORTLAND and is likely to cause confusion and mistake and to deceive the public as to the source of Defendants' wines in violation of 15 U.S.C. § 1114.

69. On information and belief, Defendants' acts of trademark infringement have been committed with the intent to cause confusion and mistake and deceive the public as to the source of Defendants' wines or with reckless disregard as to the same. In fact, Defendants started selling the Fairwinds Marty Wine after being informed of PORTLAND's trademark rights.

70. By reason of Defendants' acts of trademark infringement, PORTLAND has suffered and will suffer damages to its business, reputation, and goodwill.

71. As a result of Defendants' acts of trademark infringement, PORTLAND has been and continues to be damaged by Defendants' conduct in an amount not yet determined, as to which PORTLAND is entitled to recover.

72. PORTLAND is entitled to injunctive relief and to all other remedies provided by law, including, without limitation, those set forth in 15 U.S.C. §§ 1116, 1117, and 1118.

## SECOND COUNT
## Violation of the Lanham Act by Use of False Designation of Origin

73. PORTLAND repeats and re-alleges the allegations in paragraphs 1-65, as if fully set forth herein.

74. Defendants promote and sell wine in interstate commerce under the mark MARTY.

75. PORTLAND promotes and sells wine in interstate commerce under the mark MARTY.

76. There is no material difference between the kinds of products offered under the parties' respective marks.

77. Defendants' wines are competitive with the wines sold by PORTLAND under its mark MARTY, including to those offered to consumers in the same geographic markets in which Defendants offers its wine.

78. Defendants' use of the mark MARTY in conjunction with Defendants' wine and in promotional materials is a false designation of origin which is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with PORTLAND and as to the origin, sponsorship, or approval of Defendants' wine, all in violation of 15 U.S.C. § 1125(a).

79. PORTLAND has been and continues to be damaged by Defendants' acts of unfair competition in an amount not yet determined, which PORTLAND is entitled to recover. Additionally, PORTLAND is entitled to injunctive relief and to all other remedies provided by law, including, without limitation, those set forth in 15 U.S.C. §§ 1116, 1117, and 1118.

### THIRD COUNT
### Florida Common Law Trademark Infringement

80. PORTLAND repeats and re-alleges the allegations in paragraphs 1-65, as if fully set forth herein.

81. PORTLAND has sold wine under the mark MARTY in Florida.

82. PORTLAND has established common law trademark rights in Florida by actual and continuous use of the mark MARTY in connection with wine in commercial activities in Florida.

83. PORTLAND owns a valid trademark entitled to protection under Florida common law.

84. Defendants' use of the mark MARTY in connection with wine is likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' wines are affiliated with, connected, sponsored by, and/or endorsed by PORTLAND.

85. This conduct constitutes trademark infringement under Florida common law, and has caused and will continue to cause, PORTLAND to incur damage.

### FOURTH COUNT
### Florida Common Law Unfair Competition

86. PORTLAND repeats and re-alleges the allegations in paragraphs 1-65, as if fully set forth herein.

87. Defendants have infringed PORTLAND's mark MARTY in violation of its trademark rights.

88. Defendants have demonstrated a deliberate intent to trade off the goodwill of PORTLAND's mark MARTY as a means of increasing Defendants' own sales volume and opportunities, at the expense of PORTLAND.

89. Defendants' deliberate, willful, and wanton use of PORTLAND's mark MARTY or a similar variation thereof in connection with identical or substantially similar goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, or sponsorship of Defendants with PORTLAND, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by PORTLAND.

90. Defendants' deliberate conduct is likely to result in consumers purchasing Defendants' goods in mistaken belief that Defendants' goods originate or is somehow affiliated, connected, associated, or sponsored by PORTLAND.

91. This conduct constitutes unfair competition under Florida common law, and has caused and will continue to cause, PORTLAND to incur damage.

## FIFTH COUNT
## Violation of Florida Deceptive and Unfair Trade Practices Act (FDUTPA)

92. PORTLAND repeats and re-alleges the allegations in paragraphs 1-65, as if fully set forth herein.

93. Section 501.204, Florida Statutes, prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

94. As described above, Defendants have engaged in unfair or deceptive acts by deliberately and intentionally attempting to trade off the goodwill of PORTLAND's mark MARTY as

a means of increasing Defendants' own sales volume and opportunities, at the expense of PORT-LAND.

95. Defendants' designation of origin and related representations as set forth above are false and misleading and likely to mislead or have misled reasonable consumers within the State of Florida in violation of Section 501.204 of FDUTPA.

96. Because of Defendants' unfair and deceptive trade practices, Defendants have caused actual damage to PORTLAND, including loss of profit and loss of goodwill.

97. Defendants have willfully engaged in the acts and practices when they knew or should have known that such acts and practices were unfair or deceptive or otherwise prohibited by FDUTPA.

**WHEREFORE**, PORTLAND respectfully prays for judgment on PORTLAND's behalf and for the following relief:

1. A jury trial on all issues so triable.

2. An injunction enjoining and restraining Defendants from promoting, selling, or advertising wine in connection under the mark MARTY or any confusingly similar marks, and directing that Defendants destroy all wine labels, packaging, display materials, signage, promotional materials, and the like in its inventory incorporating the mark MARTY or any confusingly similar marks.

3. All damages sustained by PORTLAND by reason of Defendants' acts of trademark infringement, unfair competition, violation of FDUTPA, and other tortious conduct, including, without limitation, those set forth in 15 U.S.C. §§ 1116, 1117, and 1118.

4. Treble the amount of PORTLAND's damages caused by Defendants' willful violations of 15 U.S.C. § 1125(a).

5. PORTLAND's actual costs in bringing this action, including actual and reasonable attorney's fees pursuant to 15 U.S.C. § 1117, Fla. Stat. § 501.2105, and as permitted by law.

6. Costs and other such relief as justice requires.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues properly tried to a jury.

Respectfully submitted this 19th day of April, 2023

By: /s/ Jon A. Jacobson
Jon A. Jacobson, Esq., FBN 155748
JACOBSON LAW P.A.
330 Clematis St., Suite 116
West Palm Beach, FL 33401
Telephone: (561) 880-8900
Facsimile: (561) 880-8910
Email 1: jjacobson@jlpa.com
Email 2: e-service@jlpa.com
Email 3: jaj561@gmail.com
*Local Counsel for Plaintiff*

Matthew J. Sorosiak, Esq.
Ohio Bar #: 0098430
MACMILLAN, SOBANSKI & TODD, LLC
720 Water Street, Fifth Floor
Toledo, OH 43604
Telephone: (419) 255-5900
Facsimile: (419) 255-9639
Email: sorosiak@mstfirm.com
*Lead Counsel for Plaintiff*
(*pro had vice* admission pending)

James E. Griffith, Esq.
MACMILLAN, SOBANSKI & TODD, LLC
Illinois Bar #: 6269854
141 W. Jackson Blvd., Suite 4048
Chicago, IL 60604
Telephone: (419) 255-5900
Facsimile: (419) 255-9639
Email: griffith@mstfirm.com
*Lead Counsel for Plaintiff*
(*pro had vice* admission pending)